Anthony Maxwell POWELL

v.

John APPLEBY.

Civil No. L–95–101.

United States District Court,
D. Maryland.

Sept. 30, 1996.

·Norris. C. Ramsey, Baltimore,· Maryland,
for plaintiff.

J. Joseph Curran, Jr., Attorney General,
and Richard M. Kastendieck, Assistant Attorney General, Baltimore, Maryland, for defendant.

## MEMORANDUM

LEGG,· District Judge.

Before this Court is defendant's Motion for Summary Judgment. For the reasons set forth below, this Court shall GRANT IN PART and DENY IN PART, by separate Order, defendant's motion.

### Background

■ In his Complaint, plaintiff, Anthony Maxwell Powell, alleges that Corporal John Appleby of the Maryland State Police violated his Fourth Amendment and Fourteenth Amendment rights.[1] Mr. Powell's Complaint arises from a traffic stop and subsequent search of Mr. Powell's car that occurred on

---

1. Mr. Powell also alleges a violation of his Sixth Amendment right "to be informed of the nature

May 26, 1993. Corporal Appleby contends that he stopped Mr. Powell after he noticed that the windshield of Mr. Powell's car (Corporal Appleby was parked on the side of I–95 when Mr. Powell drove by) was cracked. Mr. Powell concedes that the windshield was cracked, but contends that the crack was so small (six inches) that Corporal Appleby could not possibly have noticed it as he drove by. Corporal Appleby, on the other hand, testified in deposition that the crack traversed the entire front windshield.

■ After Corporal Appleby stopped Mr. Powell, he contacted the state police radio dispatcher and was informed that Mr. Powell's New York license had been suspended.[2] Although he did not arrest Mr. Powell, Corporal Appleby issued a ticket and impounded Mr. Powell's car. Before the car was towed away, Corporal Appleby conducted an inventory search of the car.

### Discussion

. In his Complaint, Mr. Powell contends that Corporal Appleby stopped him on a pretext (the windshield crack being so small· that Corporal Appleby could not have seen it). Mr. Powell also alleges that Corporal Appleby ransacked his car (damaging door panels, removing the panel near his air conditioner, and punching holes in the back of seats). Mr. Powell, therefore, contends that the search was unreasonable and went beyond the parameters of a proper inventory search.

### A. Legality of the Search

■ As to the legality of the stop, the Supreme Court has recently reiterated that police conduct incident to a traffic stop is to be judged by an objective standard. *See Whren v. United States,* — U.S. —, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). If the police spot a traffic violation, they are entitled to stop the car.

In *Whren,* the police stopped Mr. Whren's Pathfinder for making a turn without signaling. During an ensuing search, the police found several ·bags of cocaine. Mr. Whren conceded the traffic violation, but argued that the police had seized upon the violation as a pretext to stop his car and search it for drugs. ··

In a unanimous decision, the Supreme Court held that Whren, having conceded the traffic violation, was not entitled to challenge the subjective motivation of the officers. The Supreme Court rejected "the argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Id.,* — U.S. at —, 116 S.Ct. at 1774. *Whren,* therefore, stands for the proposition that if the police have spotted a traffic violation, they are permitted to stop ·the driver, re-· gardless of their subjective motivation.

■ The instant case presents a variation on *Whren;* Mr. Powell concedes a traffic violation (cracked window), but argues that Corporal Appleby could not have seen it. This Court concludes that the undisputed existence of the traffic violation rendered the stop legal.[3] To hold otherwise would allow Mr. Powell to litigate Corporal Appleby's subjective intent.

Accordingly, because the undisputed existence of the cracked windshield forecloses any argument as to the legitimacy of the stop, this Court GRANTS summary judgment as to this issue.

### B. Scope and Reasonableness of the Search

■ With respect to the second issue, there is a dispute of fact as to the scope and

and cause of the accusation" against him. This claim is inapplicable in this case as Mr. Powell admits that Corporal Appleby informed him that his windshield was cracked (Powell Affidavit, at 32) and that he received a ticket citing him for "driving on [a] suspended out of state license." (Def. Ex. 2, at 9).

Accordingly, this Court shall GRANT Corporal Appleby's Motion for Summary Judgment as to Mr. Powell's Sixth Amendment claim.

2. It turns out that the information was incorrect and that Mr. Powell's license was no longer suspended. Although the information he received was inaccurate, . Corporal Appleby was entitled to rely upon it.

3. If the traffic violation were disputed, however, then summary judgment would not be appropriate. For example, if an officer contended that a driver had committed an illegal U-turn, but the driver denied the maneuver, then the fact finder would be required to resolve the disputed fact. Here, however, there is no dispute as to the existence of the cracked windshield.

**54**

reasonableness of the search. Mr. Powell contends that Corporal Appleby dismantled the interior of his car; Corporal Appleby contends that he performed no more than a cursory inventory search prior to impounding Mr. Powell's vehicle. Reasonableness of an inventory search depends in large measure on whether it conforms with local police guidelines. *See generally Colorado v. Bertine*, 479 U.S. 367, 372, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987). Corporal Appleby has presented these guidelines in evidence and it is clear that they would not authorize the kind of search alleged by Mr. Powell.

Accordingly, summary judgment is DENIED as to this issue.

### Conclusion

For the reasons given above, this Court shall, by separate Order:

(i) DENY defendant's Motion for Summary Judgment on Mr. Powell's claim as to the scope and reasonableness of the inventory search;

(ii) GRANT defendant's Motion for Summary Judgment on Mr. Powell's claim as to the legitimacy of the stop; and

(iii) GRANT defendant's Motion for Summary Judgment on Mr. Powell's Sixth Amendment claim.